ROBERT R. GEHLERT

v.

PAUL M. IASIGI, Defendant

Civil No. 111-1967

District Court of the Virgin Islands

Div. of St. Croix

Christiansted Jurisdiction

Argued March 8, 1968

DUDLEY, BROWN & BRYANT, Christiansted, St. Croix, Virgin Islands, (BRITAIN H. BRYANT of counsel), *for plaintiff*

VINCENT A. GAMAL, Christiansted, St. Croix, Virgin Islands, *for defendant*

MARIS, *Circuit Judge*

## OPINION

This is an appeal by the defendant from a judgment of the Municipal Court in favor of the plaintiff for $1,143.25 and attorney's fee of $225.00. The plaintiff's claim was for compensation, at agreed rates, for services rendered to the defendant as a bookkeeper and tax analyst. The defendant maintains an office in Christiansted where he engages in the business of accounting, bookkeeping and tax consultation. Planning to be away from St. Croix in October and November 1965 the defendant employed the plaintiff, whom he had previously employed and with whose ability and competence he was familiar, to take charge of his office and perform work for him and his clients while he was away.

██ ██ Contending that the plaintiff had not performed his work satisfactorily the defendant refused to pay his compensation and now asserts that the Municipal Court erred in granting the plaintiff judgment. His argument is that the plaintiff is not entitled to full compensation under his employment agreement because as an independent contractor he had not performed the duties which he undertook in the manner customary and appropriate in his profession. The Municipal Court, however, upon ample

evidence, found that the relationship between the parties was that of employer and employee, that the plaintiff performed the work and services for which he claimed compensation and that his compensation was not dependent upon results achieved or the value of the work performed. Indeed the defendant admitted in his testimony that the plaintiff's bookkeeping capability was limited—"he was still feeling his way when I left". Trans. p. 41. The basic issues in the case were thus questions of fact and they were resolved by the Municipal Court in favor of the plaintiff. From our examination of the evidence we cannot say that the findings of the Municipal Court were erroneous, let alone clearly so.

The judgment of the Municipal Court will be affirmed.